IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEANIE L. NICHOLAS, | ) | CASE NO. 5:17-cv-2558 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

On December 8, 2017, Plaintiff Jeanie L. Nicholas filed a Motion to Proceed in forma pauperis in the above-captioned action. Doc. 2. For the following reasons, the undersigned recommends that Plaintiff's motion be DENIED.

Pursuant to 28 U.S.C. § 1915, this Court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "[P]auper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 Fed. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988)). Rather, "the question is whether the court costs can be paid without undue hardship." *Id*. It is within the Court's discretion whether to allow a litigant to proceed in forma pauperis ("IFP"). *Id*.

1

In reviewing IFP applications, courts have considered an IFP applicant's monthly income in conjunction with her other financial resources such as resources of a spouse, interests in real estate, and automobiles. *See Ciavarella v. Comm'r of Soc. Sec.*, 2013 WL 5354091, at *1 (N.D.Ohio Sept. 24, 2013) (quoting *Helland v. St. Mary's Duluth Clinic Health Sys.*, 2010 WL 502781, at *1, n1 (D. Minn. Feb. 5, 2010); citing *Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466, at *2 (E.D. Mich. Oct. 16, 2012); *Reynolds v. Crawford*, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (Table Decision)). IFP applications have been denied where an applicant's assets exceed the cost of filing the complaint. *See, e.g., Ciavarella*, 2013 WL 5354091, at *2; *Behmlander*, 2012 WL 5457466 at *2.

In this instance, Plaintiff has not demonstrated that she cannot pay court costs without undue hardship. Although Plaintiff is unemployed and has no income, her spouse makes $3,186 a month from his employment, which he has held since 2001. Together, they have $800 and a vehicle in assets. Their expenses total $2,745 a month and they have no other persons who rely on them for support. Their income exceeds their expenses by $441 a month. Therefore, it does not appear that the filing cost of $400.00 is beyond Plaintiff's means. Rather, this is a case where Plaintiff must "weigh the financial constraints posed by pursuing her complaint against the merits of her claims." *Behmlander*, 2012 WL 5457466 at * 2.[1]

Accordingly, and in light of the above, the undersigned recommends that the Court DENY Plaintiff's Motion To Proceed IFP and order Plaintiff to pay the filing fee of $400 within

---

[1] Based on the information provided by Plaintiff, it appears that she and her spouse received $3,186 in gross monthly income over the past 12 months, i.e., they have a yearly income of $38,232. That exceeds the 2017 Poverty Guideline for a family of two, which is $16,240. See https://aspe hhs.gov/poverty-guidelines. Although the Court is not required to follow the Poverty Guidelines in determining entitlement to IFP status, the guidelines are used to determine financial eligibility for certain federal programs and, at the very least, provide some guidance with respect to whether an individual is in poverty and, thus, likely unable to pay the filing fee.

thirty (30) days and be responsible for service of process upon payment of the filing fee. The Court should also advise Plaintiff that failure to comply with the Court's order will result in dismissal of this action.

Dated: January 4, 2018

Kathleen B. Burke
U.S. Magistrate Judge